**Nedzad LJULJANOVIC, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 04–3161–ag.**

United States Court of Appeals, Second Circuit.

Dec. 21, 2005.

Charles Christophe, New York, New York, for Petitioner.

Kathleen M. Mehltretter, United States Attorney, Western District of New York, Mary K. Roach, Assistant United States Attorney, Buffalo, New York, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Nedzad Ljuljanovic petitions for review of the BIA decision affirming the immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history of this case.

Where, as here, the BIA affirms the IJ's decision without opinion, this Court reviews the IJ's decision. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews *de novo* questions of law regarding " 'what evidence will suffice to carry any asylum applicant's burden of proof.' " *Islami v. Gonzales,* 412 F.3d 391, 396 (2d Cir.2005) (quoting *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 146 n. 2 (2d Cir.2003)). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000).

In this case, the IJ determined that Ljuljanovic testified credibly, but did not

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft in this case.

82

make a finding regarding past persecution. It is not necessary to remand for a determination on past persecution because, even if Ljuljanovic had established past persecution in the form of forced conscription, the IJ correctly determined that current conditions in Montenegro adequately rebutted any presumption of future persecution. When an applicant establishes past persecution, asylum can still be denied as a matter of discretion if there is little possibility of future persecution, in light of current country conditions. 8 C.F.R. § 208.13(b)(1)(i); *see also Islami*, 412 F.3d at 397 (citing *Matter of Chen*, 20 I. & N. Dec. 16, 18, 1989 WL 331860 (BIA 1989)).

Ljuljanovic claimed to fear reprisal from the Yugoslav government for evading the draft between 1995 and 2001. However, the 2001 State Department report for Yugoslavia indicated that in February 2001, the Yugoslav government passed a general amnesty law allowing people who had left the country to avoid military service to return. The record thus indicates that Ljuljanovic's fear of reprisal for draft evasion is not objectively reasonable, and the IJ's determination that he did not establish a well-founded fear of future persecution is substantially supported by the record. The IJ correctly concluded that since Ljuljanovic failed to establish eligibility for asylum, he necessarily was unable to meet the higher burden of proof for withholding of removal.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).